**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| COLLEEN COSGROVE-GOODMAN, and ) <br> GREGORY GOODMAN, ) <br> ) <br> Plaintiffs, ) <br> ) No. 10-cv-1908 <br> v. ) <br> ) Honorable Amy J. St. Eve <br> UAL CORPORATION, ) <br> ) <br> Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is Plaintiffs Colleen Cosgrove-Goodman and Gregory Goodman's ("Plaintiffs") Motion to Remand. For the following reasons, the Court grants Plaintiffs' motion and remands the case to the Circuit Court of Cook County.

## BACKGROUND

Plaintiffs filed suit against Defendant UAL Corporation ("UAL") after Colleen Cosgrove-Goodman sustained injuries while a passenger on United Airlines Flight 942 from Chicago to Paris on January 7, 2010. Colleen Cosgrove-Goodman sustained injuries after slipping on a greasy substance on the floor of the jet way leading off the aircraft. Plaintiffs filed suit against Defendant UAL Corporation ("UAL") in the Circuit Court of Cook County on February 19, 2010. Both Plaintiffs and Defendant UAL are Illinois residents. UAL removed the case to federal court alleging federal question jurisdiction because Plaintiffs' claims, although pled as state common law causes of action, arise under the Convention for the Unification of Certain Rules for International Carriage by Air (the "Montreal Convention"). Plaintiffs now request the Court to remand the action back to the Circuit Court of Cook County.

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A "defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Disher v. Citigroup Global Mkts. Inc.*, 419 F.3d 649, 653 (7th Cir. 2005), *vacated on other grounds*, 548 U.S. 901, 126 S. Ct. 2964, 165 L. Ed. 2d 947 (2006). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

In general, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The usual test for federal question jurisdiction under § 1331 is the "well pleaded complaint rule," which requires federal courts "to determine whether a federal question is presented on the face of a plaintiff's properly pleaded complaint." *Vivas v. Boeing Co.*, 486 F. Supp. 2d 726 (N.D. Ill. 2007) (citing *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 402 (7th Cir. 2001)). In addition, "[c]omplete preemption 'confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim.'" *Nelson v. Welch (In re Repository Techs., Inc.)*, 601 F.3d 710 (7th Cir. 2010) (citing *Franciscan Skemp Healthcare, Inc.*

2

*v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008)). "Under this jurisdictional doctrine, certain federal statutes have such 'extraordinary pre-emptive power' that they 'convert [] an ordinary state common law complaint into one stating a federal claim.'" *Id.* (citing *Franciscan Skemp Healthcare, Inc.*, 538 F.3d at 596; *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004)). "Complete preemption, therefore, creates an exception to the rule that courts look only to the plaintiff's well-pleaded complaint to determine whether federal jurisdiction exists. If the complaint pleads a state-law claim that is completely preempted by federal law, the claim is removable to federal court." *Id.* (citing *Franciscan Skemp Healthcare, Inc.*, 538 F.3d at 596-97.)

## ANALYSIS

Neither the Seventh Circuit not the United States Supreme Court has directly addressed the issue of whether Article 29 of the Montreal Convention completely preempts all state law causes of action. Other courts have disagreed as to whether the Montreal Convention completely preempts state law claims. *Compare Singh v. N. Am. Airlines*, 426 F.Supp.2d 38, 48 (E.D.N.Y. 2006) (finding that the Montreal Convention completely preempts state law tort claims), *with Nankin v. Cont'l Airlines, Inc.*, 2010 WL 342632, 2010 U.S. Dist. LEXIS 11879, 16-17 (C.D. Cal. Jan. 29, 2010) (concluding that the Montreal Convention does not completely preempt state law causes of action, but instead "controls the remedies available and liabilities that can be imposed via those causes of action"). Indeed, district courts within the Seventh Circuit have reached differing conclusions regarding the preemptive effect of the Montreal Convention. *Compare Narkiewicz-Laine v. Scandinavian Airlines Sys.*, 587 F.Supp.2d 888, 890 (N.D. Ill. 2008) (Reinhard, J.) (finding that state-law contract claims are not preempted by the Montreal

3

Convention and that the limits and conditions of the Montreal Convention instead operate as affirmative defenses), *with Schoeffler-Miller v. Northwest Airlines, Inc.*, 2008 WL 4936737, 2008 U.S. Dist. LEXIS 93851 (C.D. Ill. Nov. 17, 2008) (McDade, J.) (holding that a tort within the scope of the Montreal Convention is completely preempted by the terms of the treaty). Notwithstanding these competing authorities, the Seventh Circuit's ruling in *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*, 522 F.3d 776, 781 (7th Cir. 2008), is instructive. While the Seventh Circuit did not address the preemptive effect of the particular provision of the Montreal Convention at issue, the court's reasoning is applicable in this context and reflects that remand is proper under these circumstances.

"The Montreal Convention entered into force on September 5, 2003, after its ratification by the United States Senate." *Narkiewicz-Laine*, 587 F. Supp. 2d at 890 (citing *Sompo*, 522 F.3d at 781). The Montreal Convention replaced the earlier signed Warsaw Convention, the goals of which were: "(1) to establish uniformity in the aviation industry regarding the procedural and substantive law applicable to claims arising out of international air travel; and (2) to limit air carriers' potential liability in the event of an accident." *Sompo,* 522 F.3d at 779. At issue in the present case, Article 17 of the Montreal Convention provides that a "carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." (R. 13-1, Montreal Convention, Art. 17.) Article 29 further provides:

> In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the

> right to bring suit and what are their respective rights. In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable.

*Id.* at Art. 29.

The Court agrees with the reasoning of the *Narkiewicz-Laine* court which applied the application of the Seventh Circuit's analysis in *Sompo* to the issue of whether the Montreal Convention completely preempts state law claims sounding in tort or contract. The *Narkiewicz-Laine* court explained:

> The language of Article 29 is very similar to the language of Article 24, paragraph 2 of the Warsaw Convention, as amended by Montreal Protocol No. 4. . . . Paragraph 2 of amended Article 24 provides "[i]n the carriage of cargo, any action for damages, however founded, whether under this Convention, or in contract or in tort or otherwise, can only be brought subject to the conditions and limits of liability set out in this Convention." *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 175 n.15, 119 S. Ct. 662, 142 L. Ed. 2d 576 (1999) (quoting Article 24, as amended by Montreal Protocol No. 4). Article 29 of the Montreal Convention uses nearly identical language but applies it to the carriage of passengers and baggage, as well as cargo.
>
> The Seventh Circuit recently considered the language of Article 24 of the amended Warsaw Convention and stated "Article 24 expressly contemplates that an action may be brought in contract or in tort. The liability limitation provisions of the Warsaw Convention simply operate as an affirmative defense." *Sompo*, 522 F.3d at 785. This reasoning logically extends to the strikingly similar language of Article 29 of the Montreal Convention. Accordingly, claims may be brought under the Convention or they may be brought "in contract or in tort or otherwise" but such claims are subject to an affirmative defense based on the conditions and limits of liability set out in the Montreal Convention.

*Narkiewicz-Laine*, 587 F. Supp. at 890. Ultimately, the court held that while "the conditions and limits of the Montreal Convention are defenses" to the plaintiff's state-law breach of contract claims, "they do not provide a basis for federal-question subject matter jurisdiction." *Id.* Accordingly, the court held that complete preemption did not apply and remanded the case to state court for lack of subject matter jurisdiction. *Id; see also Raddatz v. Bax Global, Inc.*, 2008 WL 2435582, 2008 U.S. Dist. LEXIS 51661, 6-8 (E.D. Wis. June 16, 2008) ("the Warsaw

5

Convention limits damage recovery; a complainant may set forth state law claims, but if the Warsaw Convention applies, it will function to limit recovery") (citing *Sompo*, 522 F.3d at 785).

Moreover, contrary to Defendant's assertions, the reasoning of the *Narkiewicz-Laine* court accords with the plain language of the Article 29 of the Montreal Convention. Article 29 specifically contemplates that actions for damages may be "founded . . . under this Convention or in contract or in tort or otherwise." (R. 13-1, Montreal Convention, Art. 29.) As explained by the court in *Nankin v. Cont'l Airlines, Inc.*, 2010 WL 342632, 2010 U.S. Dist. LEXIS 11879, 15-16 (C.D. Cal. Jan. 29, 2010), the Montreal Convention "does not apply only to actions brought 'under this Convention,' as that would render meaningless the words 'or in contract or in tort or otherwise.'" Instead, "the plain language of the Convention demonstrates that not all damages actions involving the carriage of passengers, baggage and cargo arise under the Convention." *Id.*

In addition, Defendant has cited no controlling authority that requires the Court to hold that complete preemption is applicable in this context. Four of the cases cited by Defendant predate the Seventh Circuit's analysis in *Sompo*, 522 F.2d 776. *See* R. 15-1, Defendant's Response to Plaintiff's Motion to Remand, p. 4 (citing *Cheng v. United Airlines*, 1995 U.S. Dist. LEXIS 1140, *2, No. 93 C 149 (N.D. Ill. Jan 31, 1995); *Beaudet v. British Airways, PLC*, 853 F. Supp. 1062, 1069 (N.D. Ill. 1994); *Rageb v. DHL Worldwide Express*, 1992 U.S. Dist. LEXIS 2822, *5, No. 91 C 7334 (N.D. Ill. 1992); *Kenner Prods.-General Mills, Inc. v. The Flying Tiger Line, Inc.*, 1987 U.S. Dist. LEXIS 4304, *4, No. 87 C 126 (N.D. Ill. May 22, 1987). The additional authorities cited by Defendant also fail to persuade the Court. *Sabatino v. Boeing*, 2009 WL 1635670, 2009 U.S. Dist. LEXIS 48613 (N.D. Ill. 2009), did not address the issue of remand pursuant to the complete preemption doctrine in the context of the Montreal Convention.

The Court in *Schoeffler-Miller v. Northwest Airlines, Inc.,* 2008 WL 4936737, 2008 U.S. Dist. LEXIS 93851 (C.D. Ill. 2008) did not address the applicability of the Seventh Circuit's instructive reasoning in *Sompo*. Defendant has accordingly failed to meet its burden of establishing federal jurisdiction. *Schur,* 577 F.3d at 758.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion to remand and remands the case to the Circuit Court of Cook County for lack of subject matter jurisdiction.

DATED: June 2, 2010

ENTERED

_____
AMY J. ST. EVE
United States District Court Judge

7